**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

DAVID A. COONS,

                                        Petitioner,

          v.                                                     No. 11-CV-1502
                                                                      (NAM/CFH)

SUPERINTENDENT,

                                        Respondent.

_____

**APPEARANCES:**                          **OF COUNSEL:**

DAVID A. COONS
Plaintiff Pro Se
09-A-0283
Auburn Correctional Facility
Post Office Box 618
Auburn, NY 13021


HON. ERIC T. SCHNEIDERMAN          ALYSON J. GILL, ESQ.
Attorney General for the                   Assistant Attorney General
  State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

     Petitioner pro se David A. Coons ("Coons") is an inmate currently in the custody of the

New York State Department of Corrections and Community Supervision ("DOCCS") at

Auburn Correctional Facility.  On January 9, 2009, the Schenectady County Court entered a

judgment of conviction against Coons after Coons pled guilty to three counts of burglary in

_____

          [1]  This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

the third degree on May 5, 2008.  Tr. (Dkt. No. 10-18) at 38:7–11, 90:11–91:5.[2]  The county court sentenced Coons as a persistent felony offender ("PFO") to three concurrent indeterminate prison terms of fifteen years to life.  Pet. (Dkt. No. 1) ¶ 3; Tr. at 101:10–102:14.  Coons is presently serving that sentence.[3]

Coons now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the grounds that:  (1) his sentence as a PFO was unconstitutional pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000) (5-4) and illegally imposed under New York Criminal Procedure Law ("CPL") § 400.20; (2) his Florida conviction was improperly used to enhance his sentence; (3) he received ineffective assistance of appellate counsel because on direct appeal, appellate counsel failed to raise the claims contained in his pro se CPL § 440.20 motion; (4) his plea was involuntarily entered;[4] and (5) his motion to set aside his sentence was improperly dismissed as a motion to vacate his conviction.  Pet. ¶ 12.  Respondent opposes Coons's petition.  Resp't Mem. of Law (Dkt. No. 8).  Coons filed a traverse, in which he renewed his motion for appointment of counsel.  Dkt. No. 18 at 1.  For the reasons that follow, it is recommended that the petition and motion be denied.

---

[2]  The page numbers following "Tr." refer to the header numbers generated by CM/ECF, not the pagination of the individual transcripts.

[3]  Coons commenced service of his sentence on January 16, 2009.  See DOCCS, INMATE POPULATION INFORMATION SEARCH, http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ1/WINQ000 (lasted visited Aug. 29, 2013).

[4]  Coons brought the involuntary plea claim in his traverse.  Dkt. No. 18 at 1.

# I. Background

## A. Plea

On September 8, 2006, May 7, 2007, and May 9, 2007, Coons unlawfully entered and remained in different buildings with the intent to commit a crime. Tr. at 39, 63:24–65:3. Coons was charged in two separate indictments that were consolidated with a third indictment. Dkt. No. 10-3 at 8. All indictments included burglary charges. Id.

On May 5, 2008, Coons reached a plea agreement with prosecution and appeared before the Honorable Richard E. Sise. Tr. at 38:7–11. In exchange for Coons's guilty plea, the prosecution agreed to dismiss part of the third indictment. Id. at 39:8–41:15. Prosecution proceeded to present the county court with a PFO Statement pursuant to CPL § 400.20 and New York Penal Law ("PL") § 70.10. Id. at 41:16–42:1. The PFO Statement indicated that Coons was previously convicted of burglary twice in New York and once in Florida, the latter of which resulted in a five-year sentence.[5] Id. at 92:6–18; Dkt. No. 10-17. Prosecution explained to Coons that the PFO status would enhance Coons's sentencing range. Tr. at 62:23–63:13. Coons acknowledged this enhancement and pled guilty to three counts of burglary. Id. at 63:16–65:3.

On June 19, 2008, the county court adjourned sentencing because a pre-sentencing report indicated that Coons had attempted to commit suicide during an interview with a probation officer. Tr. at 76:17–77:6, 79:19–23. Two psychiatric examiners found Coons to

---

[5]  Specifically, Coons was: (1) on or about January 21, 2000 convicted of burglary in the first degree in Florida; (2) on or about April 30, 1991 pled guilty to and convicted of burglary in third degree in Albany County, New York; and (3) on or about February 26, 1987 pled guilty to and was convicted of burglary in the third degree in Jefferson County, New York. Tr. at 66:15–67:7.

3

be mentally incapacitated and Coons was remanded to the custody of the Commissioner of Mental Health for treatment.  Dkt. No. 10-1 at 4, 6–7.  On November 14, 2008, another psychiatric examiner determined that Coons was "no longer an incapacitated person."  Dkt. No. 10-2 at 2.

## B.  Sentencing

On January 9, 2009, Coons reaffirmed his guilty plea.  Tr. at 90:17–91:5.  The county court advised Coons that he could admit, deny, or stand mute as to whether he was the same person as indicated in the PFO Statement, to which Coons replied that he was the same person indicated in the PFO Statement and did not contest the existence or constitutionality of his prior convictions.  Id. at 93:11–22.

To support its sentencing range, the county court reasoned that Coons had twenty-four prior convictions in New York State, two prior youthful offender adjudications, four prior felony convictions in total, and "much of [Coons's] . . . criminal arrests in New York State involve[d] crimes related to theft of property, more specifically burglary."  Tr. at 97:2–20. The county court commented that Coons had a lengthy criminal history in Florida, which included a burglary conviction.  Id. at 97:20–25.  The county court turned to Coons's personal life and noted "a tragic accident in his life, wherein his sister was killed in connection with a firearm" and "it's clear that [Coons] . . . continues to punish himself, continues to medicate himself on illegal substance . . . ."  Id. at 98:12–13.  The county court next stated,

> I am of the opinion that your own criminal history, character, based upon the nature of the crimes that you've committed in the past, have been convicted of committing in the past, the

4

> burglaries, which I have no doubt relate to your difficulty which
> drug addition, indicate to me that an extended period of
> incarceration and lifetime supervision will best serve the public
> interest.

Id. at 99:4–11.  The county court then sentenced Coons.  Id. at 101:24–103:20.


### C.  Direct Appeal

On November 30, 2009, Coons filed a counseled brief on direct appeal to the Appellate Division, Third Department ("Appellate Division").  Dkt. No. 10-3.  Coons argued that since he was found incapacitated subsequent to his guilty plea, Coons should have been presumed incompetent at the time of the plea, and the county court should have been sua sponte ordered a CPL § 730[6] psychiatric examination for Coons prior to taking the plea.  Id. at 18–21.  On May 10, 2010, the Appellate Division unanimously affirmed the conviction. People v. Coons, 73 A.D.3d 1343, 1344 (3d Dep't 2010).  First, the Appellate Division noted that Coons failed to preserve his claim of an involuntary plea because Coons failed to move to withdraw his plea or vacate his judgment of conviction.  Id. (citing inter alia People v. Dantzler, 63 A.D.3d 1376, 1377 (3d Dep't 2009), lv. denied 14 N.Y.3d 799 (2010)).  Second, the exception to the preservation requirement was inapplicable as Coons did not make any

---

[6]   Section 730.30(1) of the New York Criminal Procedure Law states

> At any time after a defendant is arraigned upon an accusatory
> instrument other than a felony complaint and before the
> imposition of sentence, or at any time after a defendant is
> arraigned upon a felony complaint and before he is held for the
> action of the grand jury, the court wherein the criminal action is
> pending must issue an order of examination when it is of the
> opinion that the defendant may be an incapacitated person.

N.Y. CRIM. PROC. LAW § 730.30(1).

5

statements during his plea allocution that were either inconsistent with his guilt or doubted the voluntariness of the plea. Id. Third, upon review of the record, the Appellate Division found that Coons had actively participated in his own defense and understood the plea proceeding despite being medicated at the time. Id. at 1375. Fourth, the Appellate Division reasoned "a determination that defendant was incapacitated subsequent to his plea is not evidence that defendant was incapacitated at the time of his plea." Id. (citing inter alia People v. Gelikkaya, 84 N.Y.2d 456, 459–60 (1994)). And finally, it was noted that Coons ultimately did not request a competency hearing or move to withdraw his plea once he was found fit to proceed and reaffirmed his plea prior to sentencing. Id.

Coons's appellate counsel sought leave to appeal to the New York Court of Appeals ("Court of Appeals"), raising the same claim contained in the direct appeal. Dkt. No. 10-6. On August 4, 2010, the Court of Appeals denied Coons leave to appeal. People v. Coons, 15 N.Y.3d 803, 803 (2010).

### D.  New York Criminal Procedure Law ("CPL") § 440.20 Motion to Set Aside the Sentence

On December 24, 2010, Coons moved to set aside the sentence pursuant to CPL § 440.20, arguing that (1) sentencing him as a PFO was unconstitutional pursuant to the Sixth Amendment of the United States Constitution as construed by Apprendi v. New Jersey and its progeny, (Dkt. No. 10-10 at 52–56)[7] and (2) his Florida conviction was improperly used to enhance his sentence as a PFO. Id. at 48.

---

[7] Coons cited additional Supreme Court precedents in support of this claim, including Ring v. Arizona, 536 U.S. 584 (2002), Blakely v. Washington, 542 U.S. 296 (2004), and Cunningham v. California, 549 U.S. 270 (2007). Dkt. No. 10-10 at 53–54.

On July 19, 2011, Schenectady County Court Judge Karen A. Drago framed Coons's motion as one to vacate judgment rather than to set aside the sentence. Dkt. No. 10-13. Without reaching the merits, Judge Drago denied the motion pursuant to CPL § 440.10(2)(c)[8] because Coons's allegations "appear on the record and could have been raised on [Coons's] . . . direct appeal." Id. at 2. Coons sought leave to appeal to the Appellate Division. Dkt. No. 10-4. Coons first enumerated certain claims raised in his CPL § 440.20 motion and stated that motion was attached to his leave application. Id. at 5. Coons proceeded to argue how the county court improperly relied on CPL § 440.10 to deny his motion. Id. at 6–10. Coons also indicated that his appellate counsel was ineffective for failing to raise the sentencing claims in his CPL § 440.20 motion. Id. at 10. On October 5, 2011, the Appellate Division denied Coons application for leave to appeal. Dkt. No. 10-16. This petition followed.

---

[8] The New York Criminal Procedure Law provides that

> [T]he court must deny a motion to vacate a judgment when:
>
> . . .
>
> (c) Although sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him . . . .

N.Y. CRIM. PROC. LAW § 440.10(2)(c).

## II. Exhaustion[9]

It is well-settled that before seeking habeas review, a petitioner must first exhaust all state remedies. 28 U.S.C. § 2254(b), (c); Shabazz v. Artuz, 336 F.3d 154, 160 (2d Cir. 2003) (quoting Aparicio v. Artuz, 269 F.3d 78, 89 (2d Cir. 2001)). Specifically, 28 U.S.C. § 2254(b)(1)(A) & (B) directs that

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

---

[9] Respondent concedes that Coons's petition was timely filed. Resp't Mem. of Law at 10–11. Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), the one-year time period for filing a federal habeas corpus petition starts to run when the conviction becomes "final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); Cook v. N.Y. State Div. of Parole, 321 F.3d 374, 279–80 (2d Cir. 2003). A judgment of conviction becomes final at the conclusion of the ninety-day period during which the defendant could seek certiorari review from the United States Supreme Court. Epps v. Poole, 687 F.3d 46, 49 (2d Cir. 2012) (citations and footnote omitted). Here, the Court of Appeals denied Coons leave to appeal on August 4, 2010; thus, Coons's time to seek a writ of certiorari expired ninety days thereafter, on November, 2 2010. Coons had until November 2, 2011 to file his petition. However, the time limitation period was tolled while the § 440.20 motion was pending. Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) (citing 28 U.S.C. § 2244(d)(2)). The limitation ran for fifty-two days from when the conviction became final on November 2, 2010 through December 24, 2010, when Coons filed the § 440.20 motion. The limitation period was tolled until October 5, 2011 when the Appellate Division denied leave to appeal the § 440.20 decision. The limitations period ran for seventy-five days from October 5, 2011 until December 19, 2011, the date on the federal habeas petition. Thus, the petition was timely filed because the limitation period ran for a total of 127 days.

8

Id.

The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). Thus, pursuant to § 2254(b)(1)(A), "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). State remedies are "properly exhausted" when the petitioner has "fairly presented" to the state court, O'Sullivan, 526 U.S. at 848, "both the factual and legal premises of the claim he asserts in federal court." Daye v. Attorney General of New York, 696 F.2d 186, 191 (2d Cir. 1982) (en banc) (citations omitted). The petitioner may fairly present the constitutional nature of his claim by

> (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, [or] (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

Id. at 194. In addition, the petitioner must seek discretionary review where it is available at the highest state court and raise the same federal constitutional claims. See O'Sullivan, 526 U.S. at 847–48; Brown v. Senkowski, 152 F. App'x 15, 17 (2d Cir. 2005). The petitioner bears the burden of proving exhaustion. Colon v. Johnson, 19 F. Supp. 2d 112, 119–20 (S.D.N.Y. 1998) (citations omitted).

In this case, Coons has partially exhausted the claim that his PFO sentence was unconstitutional. In his CPL § 440.20 motion, Coons employs Apprendi v. New Jersey and

its progeny to argue that his sentence was unconstitutional. Thus, Coons had fairly presented the constitutional nature of this claim to the Appellate Division. Daye, 696 F.2d at 194. In his leave application, Coons alluded to this claim and attached the CPL § 440.20 motion. The Second Circuit has concluded that "[r]eferences to attached briefs without more will preserve issues only if the Court of Appeals is clearly informed that the reference is asserting issues in those briefs as bases for granting review leave to appeal." Ramirez v. Attorney General of State of New York, 280 F.3d 87, 97 (2d Cir. 2001). Coons did more than incorporate his motion by reference. Coons alluded to specific claims in his motion, including the unconstitutionality of his PFO sentence. Ford v. Crinder, No. 97-CV-3031 (RMB/JCF), 2001 WL 640807, at *4 (S.D.N.Y. June 8, 2001) ("[Petitioner's] leave application did not merely incorporate by reference his entire appellate brief; rather; it alluded to each particular claim.").[10] Therefore, Coons has also fairly presented this portion of the claim in his leave application and it is exhausted. Daye, 696 F.2d at 194.

As for the portion of the claim alleging that Coons's PFO sentence was illegally imposed pursuant to CPL § 400.20 (Dkt. No. 10-10 at 24–39), this is partially exhausted. In his CPL § 440.20 motion, Coons argued that all mandatory procedural provisions of CPL § 400.20 were violated. Specifically, Coons was not afforded notice, a hearing, or fair adjudicative procedures. Id. at 24–25. Coons relied on two Supreme Court cases to support his right to reasonable notice before the deprivation of life, liberty, or property. Id. at 26 (citing Specht v. Patterson, 386 U.S. 605, 608–09 (1967) (concluding under the Colorado Sex Offenders Act, whether a defendant is an habitual offender was a "new finding of fact," requiring

---

[10]    All unpublished opinions cited to by the Court in this Report-Recommendation are, unless otherwise noted, attached to this Recommendation.

reasonable notice be provided the defendant); and <u>Armstrong v. Manzo</u>, 380 U.S. 545, 550 (1965) ("there can be no doubt that at a minimum . . . [the Due Process Clause] require[s] that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity . . . .")).  For the waiver of a hearing on his PFO status, Coons relied on <u>People v. Seaberg</u>, 74 N.Y.2d 1, 11 (1989), which in turn cited <u>Johnson v. Zerbst</u>, 304 U.S. 458, 464 (1938).  <u>Id.</u> at 30.  However, the portion Coons referred to in <u>Seaberg</u> concerns a different kind of waiver—the right to appeal a plea agreement.  Finally, on adjudicative process, Coons relied on two state courts cases citing federal cases for the proposition that a defendant has a due process right to be sentenced based on reliable and accurate evidence.  <u>Id.</u> at 36–38 (<u>People v. Naranjo</u>, 89 N.Y.2d 1047, 1049 (1997) (citing <u>United States v. Pugliese</u>, 805 F.2d 1117, 1123 (2d Cir. 1986)); and <u>People v. Outley</u>, 80 N.Y.2d 702, 712 (1993) (citing <u>Mempa v. Rhay</u>, 389 U.S. 128, 133 (1967)).  Even though Coons alluded to the illegality of how he was sentenced as a PFO in his leave application, Dkt. No. 10-14 at 5, because Coons only raised certain arguments in federal constitutional terms, this claim is only partially exhausted.

Next, Coons has failed to exhaust the claim that county court had improperly used his Florida conviction in imposing his sentence.  Dkt. No. 10-10 at 48.  Coons couched this claim solely in state law terms, failing to raise it in federal constitutional terms.  <u>Daye</u>, 696 F.2d at 194.  Therefore, this claim is unexhausted.  <u>Simpson v. Poole</u>, No. 07-CV-651, 2011 WL 1560963, at *9 (W.D.N.Y. Mar. 29, 2011) (reasoning petitioner's sentencing claim must fail because he "challenged his sentence on appeal solely as a violation of CPL § 400.21(2)").

Coons's ineffective assistance of appellate counsel claim is also unexhausted.  Under

New York law, a petitioner must raise an ineffective assistance of appellate counsel claim in a <u>coram</u> <u>nobis</u> motion. <u>Taylor v. Scully</u>, 674 F. Supp. 462, 463 (S.D.N.Y. 1987) (citations omitted); <u>People v. Bachert</u>, 69 N.Y.2d 593, 595–96 (1987). Despite indicating in the leave application that his appellate counsel was ineffective, because Coons failed to file a <u>coram</u> <u>nobis</u> motion in state court, he never apprised each state court level of his federal ineffective assistance of appellate counsel claim. However, Coons can return to the Appellate Division and raise this claim in a <u>coram</u> <u>nobis</u> motion. <u>Smith v. Duncan</u>, 411 F.3d 340, 347 n.6 (2d Cir. 2005) (noting that there is no time limit for filing a writ of error coram nobis) (citations omitted); <u>People v. Bachert</u>, 69 N.Y.2d 593, 595–96, 599 (1987) (holding that a <u>coram</u> <u>nobis</u> motion is the appropriate mechanism for raising a claim of ineffective assistance of appellate counsel at the appellate court). Thus, this claim remains unexhausted.

Coons's involuntary plea claim is exhausted. Coons's appellate counsel presented the claim to the Appellate Division by relying on Supreme Court precedents. Dkt. No. 10-3 at 18. Appellate counsel raised the same claim in the leave application to the Court of Appeals, citing <u>Medina v. California</u>, 505 U.S. 437, 112 S. Ct. 2572 (1992). As such, Coons has fairly presented this claim in federal constitutional terms to the highest state court of New York. Thus, this claim is exhausted. <u>Daye</u>, 696 F.2d at 194.

Lastly, Coons's claim that his CPL § 440.20 motion was improperly dismissed remains unexhausted. Coons presented this claim in his leave application. Even though the state court had employed an incorrect statute to dismiss the CPL § 440.20 motion, Coons's claim is a dispute between the application of two state statutes and Coons did not present it in federal constitutional terms. Thus, this claim is unexhausted.

A claim that was not fairly presented to the state courts and does not satisfy the

requirements of § 2254(b)(1) may still be "deemed" exhausted by the habeas court "if it is clear that the state court would hold the claim procedurally barred." Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991) (collecting cases); Aparicio, 269 F.3d at 90 ("When a claim has never been presented to a state court, a federal court may theoretically find that there is an 'absence of available State corrective process' under § 2254(b)(1)(B)(I) if it is clear that the unexhausted claim is procedurally barred by state law and, as such, its presentation in the state forum would be futile."). Here, Coons's sentencing claims are not deemed exhausted and procedurally barred. The county court incorrectly dismissed Coons's CPL § 440.20 motion pursuant to CPL § 440.10, which is inapplicable to Coons's motion. "Section 440.20 permits a movant to bring a collateral attack on the legality of his sentence any time after conviction unless the issue was previously determined on the merits on direct appeal." Saracina v. Artus, No. 04-CV-521, 2007 WL 2859722, at *7 (W.D.N.Y. Sept. 26, 2007), aff'd, 452 F. App'x 44 (2d Cir. 2011) (citations omitted). Coons did not raise his unexhausted sentencing claims on direct appeal; therefore, they can be raised in a second CPL § 440.20 motion. Id. ("Saracina is not procedurally barred from presenting his federal claims to the state courts . . . by way of a third § 440.20 motion . . . ."). As for the ineffective assistance of appellate counsel claim, Coons can return to state court and file a coram nobis motion.

Accordingly, Coons's unexhausted sentencing and ineffective assistance of appellate counsel claims are not deemed exhausted.


### III.  Independent and Adequate State Law Ground

Federal habeas review of a question of federal law decided by a state court is prohibited if the state court rested its judgment "on a state law ground that is independent of the

federal question and adequate to support the judgment." Coleman, 501 U.S. at 729

(citations omitted) (noting that federal court resolution of the federal issue would merely be

advisory where the state judgment is supported by independent and adequate state

grounds); see also Harris v. Reed, 489 U.S. 255, 261–62 (1989); Cotto v. Herbert, 331 F.3d

217, 238 (2d Cir. 2003); Garcia v. Lewis, 188 F.3d 71, 76 (2d Cir. 1999); Levine v. Comm'r

of Corr. Servs., 44 F.3d 121, 126 (2d Cir. 1995). "This rule applies whether the state law

ground is substantive or procedural." Coleman, 501 U.S. at 729 (citation omitted).

"Because it can be difficult to determine if the state law discussion is truly an independent

basis for decision or merely a passing reference, . . . such reliance on state law must be

clear from the face of the opinion." Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 809 (2d

Cir. 2000) (internal quotation marks omitted) (citing Coleman, 501 U.S. at 732, 735). Thus,

the mere existence of a state procedural default is not enough, as the Supreme Court

explained,

> the state court must actually have relied on the procedural bar as
> an independent basis for its disposition of the case. Moreover,
> we will not assume that a state-court decision rests on adequate
> and independent state grounds when the state court decision
> fairly appears to rest primarily on federal law, or to be interwoven
> with the federal law, and when the adequacy and independence
> of any possible state law ground is not clear from the face of the
> opinion.

Caldwell v. Mississippi, 472 U.S. 320, 327 (1985) (internal quotation marks and citations

omitted).

In addition to being "independent," the state procedural bar must also be "adequate."

Cotto, 331 F.3d at 239. Adequacy requires a state procedural ground that is "strictly or

regularly followed." Johnson v. Mississippi, 486 U.S. 578, 587 (1988) (citations omitted). A

14

violation of such "firmly established and regularly followed" state rules would ordinarily be adequate to bar federal review. Cotto, 331 F.3d at 239–40 (internal quotation marks omitted). In an "exceptional case[] in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question[,]" the court considers three guideposts in determining whether a procedural bar is adequate to preclude federal review of claims raised in the petition:

> (1) whether the alleged procedural violation was actually relied on in the trial court, and whether perfect compliance with the state rule would have changed the trial court's decision; (2) whether state caselaw indicated that compliance with the rule was demanded in the specific circumstances presented; and (3) whether petitioner had "substantially complied" with the rule given "the realities of trial," and, therefore, whether demanding perfect compliance with the rule would serve a legitimate governmental interest.

Id. at 240. A claim that is procedurally defaulted due to an adequate and independent state law ground may also avoid the procedural bar if the petitioner shows cause for the default and actual prejudice, or a miscarriage of justice will result if the claims are not considered. Coleman, 501 U.S. at 750; DiGuglielmo, 366 F.3d at 135.

For the reasons stated supra, Coons's unexhausted sentencing claims are not barred by an independent and adequate state law ground because an incorrect statute was employed in dismissing Coons's CPL § 440.20 motion. However, the Appellate Division denied Coons's involuntary plea claim because Coons failed to preserve this claim by moving to withdraw his plea or vacate his judgment of conviction. People v. Dantzler, 63 A.D.3d 1376, 1377 (3d Dep't 2009); People v. Sorey, 55 A.D.3d 1063, 1064 (3d Dep't 2008), lv. denied 11

N.Y.3d 930 (2009).  Such a procedural bar is provided by CPL § 440.10(3)(a),[11] which

constitutes an independent and adequate state law ground.  Witt v. Racette, No. 10-CV-

9180 (JPO), 2012 WL 3205177, at *8 (S.D.N.Y. Aug. 7, 2012) (citation omitted).

As for cause and prejudice or a miscarriage of justice, neither is present in the record.

Ineffective assistance of counsel may constitute cause and to successfully allege it, the

petitioner must raise it as a separate and meritorious claim.  Edwards v. Carpenter, 529 U.S.

446, 451–52 (2000).  Even though Coons raised ineffective assistance of appellate counsel

as a separate claim, as discussed infra, he has failed to demonstrate that the claim is

meritorious.  Thus, Coons has failed to establish cause for overcoming the procedural bar.

Because cause is not established, the Court does not need to reach the inquiry on

prejudice.  Horton v. Ercole, 557 F. Supp. 2d 308, 323 (N.D.N.Y. 2008) (citations omitted).

As for the fundamental miscarriage of justice, Coons does not allege new evidence tending

to establish his actual innocence.  Thus, Coons's exhausted involuntary plea claim is

procedurally defaulted.

---

[11]  New York Criminal Procedure Law provides

> Notwithstanding the provisions of subdivision one, the court
> may deny a motion to vacate a judgment when:
> (a) Although facts in support of the ground or issue raised upon
> the motion could with due diligence by the defendant have
> readily been made to appear on the record in a manner
> providing adequate basis for review of such ground or issue
> upon an appeal from the judgment, the defendant unjustifiably
> failed to adduce such matter prior to sentence and the ground
> or issue in question was not subsequently determined upon
> appeal.

N.Y. Crim. Proc. Law § 440.10(3)(a).

Accordingly, Coons's involuntary plea claim is barred by an independent and adequate state law ground.

## IV.  Mixed Petition

A habeas petition containing both exhausted and unexhausted claims is a "mixed" petition.  Rhines v. Weber, 544 U.S. 269, 271 (2005).  "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(2).  A district court confronted with a mixed petition has discretionary power to dismiss it in its entirety, or "stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims."  Rhines, 544 U.S. at 275.  The stay-and-abeyance procedure is available only when the petitioner's failure to exhaust his claims was based on good cause.  Id. at 277.  However, even if good cause exists, granting a stay would be an abuse of discretion if the unexhausted claims are plainly meritless.  Id. (citation omitted). Here, Coons has not provided good cause for his failure to exhaust his claims.  Coons argues that the ineffectiveness of his appellate counsel serves as good cause.  However, as discussed infra, this claim, alongside all of Coons's exhausted and unexhausted claims, are meritless.  Accordingly, this Court may review the merits of these claims.

## V.  Merits

## A.  Legal Standard

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132,

110 Stat. 1214 (1996) ("AEDPA"), a federal court may grant a writ of habeas corpus only if the state court's adjudication on the merits

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412 (2000); Hawkins v. Costello, 460 F.3d 238, 242 (2d Cir. 2006); DeBerry v. Portuondo, 403 F.3d 57, 66 (2d Cir. 2005).

The Supreme Court has given independent meaning to the "contrary to" and "unreasonable application" clauses in § 2254(d)(1). Williams, 529 U.S. at 405. "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 412–13. As for the "unreasonable application" clause, a writ may be granted if "the state court's application of clearly established federal law was objectively unreasonable." Id. at 409, 413. "[A]n unreasonable application of federal law is different from an incorrect application of federal law." Id. at 410. In addition, the statutory phrase "clearly established Federal law . . . refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions . . . ." Id. at 412 (internal citations omitted).

The petitioner bears the burden of proving, by a preponderance of the evidence, that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also Smalls v. Batista, 191 F.3d 272, 278 (2d Cir. 1999); Jones v. Vacco, 126 F.3d 408, 415 (2d Cir. 1997). Further, when evaluating a habeas petition, "a

determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); DeBerry, 403 F.3d at 66.

On the other hand, "if the federal claim was not adjudicated on the merits, 'AEDPA deference is not required, and conclusions of law and mixed findings of fact and conclusions of law are reviewed de novo." Kimbrough v. Bradt, No. 12-CV-0034 (DNH), 2013 WL 2545379, at *4 (N.D.N.Y. June 11, 2013) (citing Dolphy v. Mantello, 552 F.3d 236, 238 (2d Cir. 2009) (quoting Spears v. Greiner, 459 F.3d 200, 203 (2d Cir. 2006)). Furthermore, "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." Harrington v. Richter, 131 S. Ct. 770, 784 (2011). Except for the involuntary plea claim, because the state court did not adjudicate the merits of Coons's claims, this Courts review the merits of those claims de novo.

## B. Unconstitutionality of PFO Sentence

Coons contends that being sentenced as a PFO violated his Sixth Amendment right to an impartial jury as construed by the Supreme Court in Apprendi v. New Jersey and its progeny. The Apprendi Court held, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt . . . ." Apprendi, 530 U.S. at 490. This holding does not apply to judicial factfinding of a defendant's sentence that is within the authorized statutory range. Apprendi, 530 U.S. at 490 ("[I]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed

range of penalties to which a criminal defendant is exposed.").  Coons essentially contends that the imposition of an enhanced sentence based on additional factual findings, other than the fact of a prior conviction, should have been made by a jury.

Under New York law, a PFO "is a person . . . who stands convicted of a felony after having previously been convicted of two or more felonies."  N.Y. PENAL LAW § 70.10(1)(a). A PFO sentence

> may not be imposed unless, based upon evidence in the record of a hearing . . . the court (a) has found that the defendant is a [PFO] . . . and (b) is of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct are such that extended incarceration and lifetime supervision of the defendant are warranted to best serve the public interest.

N.Y. CRIM. PROC. LAW § 400.20(1).  After determining a defendant is a PFO, a court may, in its discretion, impose an indeterminate sentence authorized for a class A-I felony, which ranges from a minimum of fifteen to twenty-five years and a maximum of life in prison.  Id. §§ 70.00(3)(a)(i), 70.10(2).  "[T]he statutory maximum for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."  Blakely v. Washington, 542 U.S. 296, 303 (emphasis in original) (internal quotation marks and citations omitted).  The Second Circuit found that "judicial factfinding that is undertaken to select an appropriate sentence within an authorized range—up to and including the Apprendi maximum—does not offend the Sixth Amendment." Portalatin v. Graham, 624 F.3d 69, 88 (2d Cir. 2010) (en banc), cert. denied, 131 S. Ct. 1691 (2011).

The Second Circuit also upheld the constitutionality of PL § 70.10, stating, "the PFO statute—as interpreted by the New York Court of Appeals—creates a recidivist sentencing

scheme in which the only factual predicates necessary to impose the enhanced sentence relate to the defendant's criminal history." Portalatin, 624 F.3d at 93–94. Specifically, the Court of Appeals interpreted the PFO statute to mean that "defendants are eligible for [PFO] sentencing based solely on whether they had two prior convictions" and "no additional factfinding beyond the fact of two prior felony convictions is required" to impose the enhanced PFO sentence. Id. at 88–89 (citing People v. Rivera, 5 N.Y.3d 61, 66–68 (2005) (emphases in original)). Any facts other than the fact of the two prior convictions merely inform the judge's discretion to select the appropriate sentence. Id. at 89.

Here, the county court determined that Coons was a PFO. Further fact-finding was unnecessary to sentence Coons as a PFO, rather, such additional facts going to the history and character of Coons, as well as the nature and circumstances of Coons's criminal conduct, merely informed the county court's discretion in crafting the appropriate sentence. Coons was sentenced to a minimum of fifteen years with life-imprisonment as the maximum. Given that Coons was properly sentenced within the statutory range pursuant to Apprendi and its progeny, and the Second Circuit's affirmation of PL § 70.10's constitutionality, Coons's claim based on the constitutionality of his PFO sentence is without merit.

Accordingly, Coons's petition on this claim should be denied.


### C.  Illegality of PFO Sentence & Improper Use of Florida Conviction

Coons contends that he was illegally sentenced as a PFO under CPL § 400.20 and his sentence was improperly enhanced based on a Florida conviction. These claims must be denied for several reasons outlined below.

First, Coons's claims are not cognizable on habeas review. Both these claims are

grounded in state-law. "As the Supreme Court has long held, 'state courts are the ultimate expositors of state law;" thus, these issues are not cognizable on federal habeas review. Portalatin, 624 F.3d at 88–89 (quoting Mullaney v. Wilbur, 421 U.S. 684, 691 (1975)). Further, "[i]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Ortiz v. N.Y.S. Parole in Bronx, N.Y., 586 F.3d 149, 158 (2d Cir. 2009) (quoting inter alia Estelle v. McGuire, 502 U.S. 62, 67–68 (1991)). As such, judicial review of the state court's application of § 400.20 is unavailable.

Furthermore, with regard to Coons's Florida conviction, the Second Circuit has held that "[w]hether a New York court erred in applying a New York recidivist sentencing enhancement statute is a question of New York State law . . . ." Saracina v. Artus, 452 F. App'x 44, 46 (2d Cir. 2011). The Second Circuit continued, "[i]ndeed, we have previously held that whether a foreign conviction can serve to enhance a New York State sentence is a question of state law not cognizable on federal habeas review." Id. (citing inter alia United States v. ex rel. Dennis v. Murphy, 265 F.2d 57, 58 (2d Cir. 1959) (per curiam)). Therefore, whether the Florida conviction should be employed as one of two prior felony convictions for purposes of determining Coons's PFO status is a matter of state law not cognizable on habeas review.

Second, Coons's claims are without merit. Pursuant to CPL § 400.20, in determining whether to sentence a defendant as a PFO, a sentencing court must conduct a hearing and apply the two-pronged analysis as discussed supra, first determining whether the defendant was previously convicted of at least two felonies then whether an enhanced sentence is in the public interest. N.Y. CRIM. PROC. LAW § 400.20(1)(b).

In this case, the necessary procedures to determine Coons's PFO status were properly

22

followed.  Pursuant to CPL § 400.20 and PL § 70.10, prosecution filed a PFO statement alleging that Coons was a PFO based on three prior felonies:  1987 and 1991 convictions in New York State for third-degree burglary and a 2000 conviction in Florida for burglary in the first degree.  At his sentencing hearing, Coons admitted he was the same person referenced in the PFO statement and did not challenge the constitutionality of the prior convictions.  As such, Coons waived his right to a hearing on this issue, became eligible for a PFO sentence, and both a hearing notice and adjudicative processes became unnecessary.  <u>People v. Andre</u>, 232 A.D.3d 884, 885–86 (3d Dep't 1996) (noting a defendant's admission to the PFO charge serves as an effective waiver of the right to a hearing on the matter).  The second prong of the test was satisfied when the county court explained on-the-record why an extended period of incarceration and lifetime supervision would best serve the public interest.  <u>Id.</u> at 886.  Therefore, the county court complied with CPL § 400.20 and Coons was legally sentenced.

Coons's claim involving his Florida conviction is also without merit.  An out-of-state conviction qualifies as a prior felony conviction if it is "a crime in any other jurisdiction provided that a sentence to a term of imprisonment in excess of one year . . . was imposed . . . ."  N.Y. CRIM. PROC. LAW § 70.10(1)(b)(i).  Here, Coons was sentenced to a five-year prison term for the Florida conviction.  This conviction clearly fits into requirements of PL § 70.10(1)(b)(i).  Moreover, "Penal Law § 70.10 does not require that a crime in another jurisdiction be a felony under New York law."  <u>People v. Ortiz</u>, 180 Misc. 2d 783, 789 (N.Y. Sup. Ct. 1998).  Thus, the county court properly employed the Florida conviction in determining Coons's PFO status and this claim is without merit.

Accordingly, Coons's petition on these claims should be denied.

23

### D. Ineffective Assistance of Appellate Counsel

Coons's claim of ineffective assistance of appellate counsel is also without merit. The Sixth Amendment mandates that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. "[T]he right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). To prevail on this claim, petitioner must satisfy a two-prong test showing that his counsel's performance was deficient and that such deficient performance caused actual prejudice to the petitioner. Strickland v. Washington, 466 U.S. 668, 687 (1984). "Deficient performance" requires petitioner to show that counsel's performance "fell below an objective standard of reasonableness." Murden v. Artuz, 497 F.3d 178, 198 (2d Cir. 2007) (quoting Strickland, 466 U.S. at 688). "Prejudice" requires petitioner to show that there is a reasonable probability that, but for counsel's deficient performance, the outcome would have been different. Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Federal courts apply a "highly deferential" standard of review for a claim of ineffective assistance of counsel alleged in a habeas corpus petition. Premo v. Moore, 131 S. Ct. 733, 740 (2011) (collecting cases). A federal habeas court must not equate unreasonableness under Strickland with unreasonableness under § 2254(d) for once the latter applies, "the question is not whether counsel's actions were reasonable . . . [but it is] whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

The Strickland standard for examining the effectiveness of trial counsel applies equally to the effectiveness of appellate counsel. Aparicio, 269 F.3d at 95. Appellate counsel is not

ineffective for failing to raise meritless or weak claims.  Id. at 99; see Jones v. Barnes, 463

U.S. 745, 751–52 (1983) (holding that appellate counsel is not obligated to raise every

nonfrivolous claim or argument).  A petitioner may prevail on this claim if he or she shows

that appellate counsel omitted "significant and obvious issues while pursuing issues that

were clearly and significantly weaker."  Clark v. Stinson, 214 F.3d 315, 322 (2d Cir. 2000)

(citation omitted).

Appellate counsel's performance did not fall below an objective standard of

reasonableness and was not deficient.  Appellate counsel filed a brief claiming that Coons

was incompetent at the time he entered the plea and the plea court should have sua sponte

ordered a CPL § 730 competency evaluation to determine whether Coons's plea was

knowing, voluntary, and intelligent.  Appellate counsel's legal arguments are "reasonable

and sound, and . . . the claims asserted . . . were cogently argued."  Johnson v. Ricks, No.

02-CV-1366, 2007 WL 3171782, at *6 (N.D.N.Y. Oct. 29, 2007).  Because Coons cannot

establish that merit of his sentencing claims, see subsection V(B)(C), such a motion as

envisioned by Coons would be meritless and counsel is not required to make meritless

arguments.  See, e.g., United States v. Kirsh, 54 F.3d 1062, 1071 (2d Cir.) ("the failure to

make a meritless argument does not rise to the level of ineffective assistance), cert. denied,

516 U.S. 927 (1995).  Coons cannot show that appellate counsel had "omitted significant

and obvious issues while pursuing issues that were clearly and significantly weaker."  Clark,

214 F.3d at 322.  Thus, it follows that even assuming appellate counsel's performance was

deficient, the deficiency did not cause actual prejudice to Coons because Coons's

sentencing claims are without merit and the outcome would not have been different.

Accordingly, Coons's petition on this claim should be denied.

## E. Involuntary Plea

Coons's claim based on the voluntariness of his plea is without merit. Coons argued that his plea was not knowingly and voluntarily entered on May 5, 2008 because he was found incompetent to proceed subsequent to that date. Coons also argued the county court should have <u>sua</u> <u>sponte</u> ordered a CPL §730 examination at the time.

"When evaluating the voluntariness of a guilty plea, a habeas court must examine the totality of the circumstances surrounding that plea." <u>Joseph v. Fischer</u>, No. 02-CV-4809, 2003 WL 68032, at *5 (S.D.N.Y. Jan. 7, 2009) (citing <u>Henderson v. Morgan</u>, 426 U.S. 637, 644–45 (1976)). The Court asks "whether the accused understand[s] the nature of the constitutional protections that he is waiving and whether his admission can stand as an intelligent admission of guilt." <u>Id.</u> (quoting <u>Henderson</u>, 426 U.S. at 645 n.13 (internal quotation marks omitted)).

Here, the record belies Coons's claims. First, as the Appellate Division found, Coons had actively participated in his plea allocution. During the plea allocution, Coons was able to answer basic questions concerning his age, date of birth, address, and whether he understands English. Dkt. No. 10-18 at 51:17–52:15. The county court inquired into Coons's medication intake, to which Coons replied that while he was medicated, he was able to think and speak clearly that day. <u>Id.</u> at 52:16–54:4. Coons responded that no one had threatened, coerced, or forced him to plead guilty and he plea was free and voluntary. <u>Id.</u> at 57:19–24. Coons also acknowledged that he understood the terms of his plea agreement and he could face an enhanced sentence. <u>Id.</u> at 58:19–59:19. Thus, the plea colloquy demonstrates that Coons voluntarily entered the guilty plea. Second, also noted by the Appellate Division, the Court of Appeals has concluded that "mental illness subsequent

to indictment is not evidence of incompetency at the time of the [the plea] proceeding."
People v. Gelikkaya, 84 N.Y.2d 456, 459–60 (1994).  Therefore, the fact that Coons was found incompetent after entering his plea does not negate the voluntariness of the plea. The Appellate Division's decision to dismiss this claim was not an unreasonable determination of the facts.  This claim is without merit.

Accordingly, Coons's petition on this claim should be denied.


### F.  Improper Dismissal of CPL § 440.20 Motion

Coons's contention concerning the county court's improper dismissal of his CPL § 440.20 motion is without merit.  As discussed, claims grounded in state-law, such as this claim concerning Judge Drago's decision, are not cognizable on federal habeas review. Portalatin, 624 F.3d at 88–89.  Moreover, as discussed supra, those claims raised in the CPL § 440.20 motion are without merit.  As such, it was reasonable for the Appellate Division to deny Coons's application for leave to appeal.  Harrington v. Richter, 131 S. Ct. 770, 784 (2011).

Accordingly, Coons's petition on this claim should be denied.


### VI.  Motion for Appointment of Counsel

In his traverse, Coons seeks the appointment of counsel for purposes of this petition. Courts cannot use a bright line-test in determining whether counsel should be appointed on behalf of an indigent party.  Hendricks v. Coughlin, 114 F.3d 390, 392–93 (2d Cir. 1997).  As the Second Circuit stated in Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986), "the district judge should first determine whether the indigent's position seems likely to be of

substance." Id. at 61.  If the claim satisfies that requirement, the court must then consider

> the indigent's ability to investigate the crucial facts, whether
> conflicting evidence implicating the need for cross-examination
> will be the major proof presented to the fact finder, the indigent's
> ability to present the case, the complexity of the legal issues and
> any special reason in th[e] case why appointment of counsel
> would be more likely to lead to a just determination.

Terminate Control Corp. v. Horowitz, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting Hodge,

802 F.2d at 61–62).  That is not to say that all, or indeed any, of these factors are controlling

in a particular case.  Rather, each case must be decided on its own facts.  Velasquez v.

O'Keefe, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (citing Hodge, 802 F.2d at 61).

Here, the record reflects that Coons has made repeated requests for the appointment of

counsel.  Dkt. Nos. 3, 12, 18.  Because it is recommended that Coons's habeas petition be

denied, appointment of counsel at this time is unwarranted.  Accordingly, Coons's renewed

motion for the appointment of counsel is denied without prejudice.


## VI.  Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that Coons's petition for a

writ of habeas corpus (Dkt. No. 1) be **DENIED**.  It is further **ORDERED** that Coons's

renewed motion for appointment of counsel (Dkt. No. 18) be **DENIED** without prejudice.

It is further **RECOMMENDED** that no certificate of appealability should be issued with

respect to any of Coons's claims as Coons has not made a "substantial showing of the

denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).  See 28 U.S.C. §

2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a

substantial showing of the denial of a constitutional right."); see also Lucidore v. New York

State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000).

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


Dated: September 9, 2013
      Albany, New York

Christian F. Hummel
U.S. Magistrate Judge